United States District Court
District of South Carolina

| | | |
|---|---|---|
| Martin Rodriguez, #251020; | ) | C/A No. 0:05-2489-DCN-BM |
| | ) | |
| Petitioner; | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| State of South Carolina; | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Martin Rodriguez, is a state prisoner incarcerated upon a conviction on charges of Assault and Battery with Intent to Kill (ABIK) entered on July 8, 1998, by the Anderson County Court of General Sessions in State v. Rodriguez, 98-GS-04-1632.  He has previously brought other actions in this Court, including a petition for *habeas corpus* relief, which was dismissed so that Petitioner could exhaust available state court remedies.  See Rodriguez v. Maynard, et al, 0:02-1069-DWS (D.S.C. 2002).  Petitioner also has an action presently pending pursuant to 42 U.S.C. § 1983.  See Rodriguez v. Clare, et al., 0:05-2228-DCN (D.S.C. 2005).

A document was filed in this Court on August 29, 2005, which appeared to the undersigned to be a Petition for Writ of Mandamus under 28 U.S.C. § 1651.  The Clerk of Court assigned a new Civil Action number and docketed the paper based upon this interpretation. Since the action was not in " proper form" under this Court's General Order signed on June 4, 1997, in Misc. No. 3:97-MC-148-12, the undersigned filed an order on August 31, 2005, directing the petitioner to pay a five dollar ($5.00) filing fee or file an application to proceed *in forma pauperis*.

1



In response, the petitioner notified this Court on September 7, 2005, that the paper docketed on August 29, 2005 was not intended to be a pleading or to commence a new action. Instead, the paper was intended to be docketed in <u>Rodriguez v. Clare, et al.</u>, <u>supra</u>, his pending § 1983 action. Petitioner's notice appears in substance to be a motion to dismiss the within action voluntarily, and the undersigned construes it to be a motion for voluntary dismissal under Rule 41 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.).

In view of the foregoing, it is recommended that this action be dismissed without prejudice and the file closed. Petitioner's attention is directed to the Notice on the following page.

                          Respectfully Submitted.

                          Bristow Marchant
                          United States Magistrate Judge

September __26__ , 2005
Columbia, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

     The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

     During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are not sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded pro se in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a pro se litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger de novo review").

     **This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

          **Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**

3

